IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KASTELLO DEMARCUS VAUGHAN,    *
AIS # 00263279,    *
   *
  Petitioner,    *   CIVIL ACTION NO. 22-00390-CG-B
   *
v.    *
   *
ROLANDA CALLOWAY,    *
   *
  Respondent.    *
   *

## REPORT AND RECOMMEDATION

This action is before the Court on a 28 U.S.C. § 2254 habeas petition (Doc. 1) filed by Rhonda Hudson McNutt on behalf of Kastello Demarcus Vaughan, an Alabama inmate currently incarcerated at Stanton Correctional Center, against Rolanda Calloway, a warden at the facility. The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing § 2254 Cases. The undersigned has conducted a careful review of the record and finds that McNutt lacks standing. Accordingly, the undersigned recommends that the habeas petition be **DISMISSED without prejudice** for lack of standing.

I.    BACKGROUND

Rhonda Hudson McNutt commenced this habeas action on behalf of Kastello Demarcus Vaughan, an Alabama inmate currently incarcerated at Stanton Correctional Center. (Doc. 1). McNutt

alleges that inmate Vaughan is malnourished and is being abused by facility staff. (Doc. 1 at 7). She also contends that inmate Vaughan is being denied access to pen and paper, is being subjected to poor facility amenities, and is being restricted from family and friends. (Id.). According to Ms. McNutt, she resides in Kansas, and is seeking to appear "pro se/ pro hac vic" on behalf of inmate Vaughan. (See Doc. 1 at 11 & Doc. 2 at 1).

In an order dated October 19, 2022 (doc. 2), the Court advised Ms. McNutt that while federal law permits a habeas action to proceed through a "next friend" for an incapacitated party who lacks a duly appointed representative, the habeas petition she filed on behalf of inmate Vaughan offered no explanation for why inmate Vaughan, the real party in interest, is unable to appear on his own behalf, and further failed to establish a relationship between herself and inmate Vaughan. The Court also noted that the petition did not allege a cognizable claim as Ms. McNutt seeks to raise claims regarding the conditions of inmate Vaughan's confinement, as opposed to the fact of his conviction or the duration of his confinement. See Akinruntan v. Holder, 2013 U.S. Dist. LEXIS 161721, 2013 WL 5999982, at *7 (N.D. Ala. Sept. 30, 2013) (claims challenging conditions of confinement not cognizable in habeas proceeding), report and recommendation adopted, 2013 U.S. Dist. LEXIS 160962, 2013 WL 5999765 (N.D. Ala. Nov. 12, 2013); Dixon v. Price, 2007 U.S. Dist. LEXIS 52105, 2007 WL 2023495, at

*1 (M.D. Ala. July 9, 2007) (same). Thus, Ms. McNutt was directed to show cause, on or before November 18, 2022, why this case should not be dismissed because she has failed to establish that she meets the prerequisites to serve as "next of kin" for inmate Vaughan, and because the allegations in the habeas petition are not cognizable in a habeas action. (Doc. 2).

Ms. McNutt submitted a two-page document entitled "Answer To Order", along with various newspaper articles[1]. (Doc. 3). In the document, Ms. McNutt avers that inmate Vaughan's sister posted pictures of him at the Elmore Correctional Facility on social media and asked for the public's help. According to Ms. McNutt, she found the pictures to be disturbing. (Id. at 1). She further asserts that inmate Vaughan's sister asked "Anybody" for help, and she is the "A" in the word "Anybody". (Id.). Ms. McNutt also makes various allegations regarding Rolanda Calloway, Warden of the Elmore Correctional Facility. (Id.). Ms. McNutt's assertions fail to establish that that inmate Vaughan is prevented from appearing on his own behalf, or that she has any "significant relationship" to him and is truly dedicated to his best interests.

---

[1] Ms. McNutt submitted a screenshot of a news article entitled "'Get Help!' Woman Says Brother is Seriously Ill in Alabama Prison – Photo Shows His Emancipated Condition," includes photos of Vaughan taken by his family. (Doc. 3 at 13-14). See also https://www.al.com/news/2022/09/get-help-woman-says-brother-is-seriously-ill-in-alabama-prison-adoc-not-commenting.html. Ms. McNutt labels these article images exhibit G and H and states they "should offend anyone." (Doc. 3 at 10).

As noted *supra*, federal law permits a habeas action to proceed through a "next friend" or *guardian ad litem* for an incapacitated person who lacks a duly appointed representative. See 28 U.S.C. 2242; Fed. R. Civ. P. 17(c)(1). However, the "next friend" must establish the propriety of his or her interest by demonstrating the real party in interest's incapacity, the representative's dedication to the real party's best interests, and a "significant relationship" to the real party. Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990); Sanchez-Velasco v. Sec'y of Dep't of Corrs., 287 F. 3d 1015, 1025-1027 (11th Cir. 2002) (discussing the Whitmore standards in the habeas context); Lonchar v. Zant, 978 F.2d 637, 641 (11th Cir. 1992) (same). Limitations on representative standing to pursue habeas corpus relief "are driven by recognition that it was not intended that the writ of habeas corpus should be availed, as a matter of course, by intruders or uninvited meddles, styling themselves next friend." Whitmore, 495 U.S at 164 (internal quotations and citations omitted). Moreover, "next friend" standing "does not entitle the representative to pursue the case pro se." Coleman v. Unnamed Respondent, 2017 U.S Dist. LEXIS 21662, 2017 WL 619013, at 1(S.D. Ga. Feb. 15, 2017) (citing Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). "Absent 'next friend' status, an individual lacks Article

III standing to file a [habeas petition] on another's behalf, thus stripping the district court of jurisdiction to consider the petition." Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007).

In this case, Ms. McNutt has submitted newspaper articles that contain allegations regarding inmate Vaughan's medical condition; however, she has not demonstrated that he is in any way prevented from appearing on his own behalf, that she is truly dedicated to inmate Vaughan's best interests" or that there's any "significant relationship" between her and inmate Vaughan. Allowing Ms. McNutt to proceed in this action would run counter to one of the central purposes of the requirements of next-friend-standing, which is to keep out "intruders or uninvited meddlers, styling themselves next friends." Sanchez-Velasco, 287 F.3d at 1029 (citations omitted). Because Ms. McNutt has wholly failed to demonstrate that she meets the necessary requirements to proceed as inmate Vaughan's "next friend", she lacks Article III standing to pursue this action and as a result, this Court lacks jurisdiction to consider this action.

To the extent inmate Vaughan[2] desires to personally pursue this action, he is advised that claims challenging the fact or duration of a sentence fall within the "core" of habeas corpus, while claims

---

[2] The Clerk is directed to serve a copy of this order on inmate Vaughan.

challenging the conditions of confinement "fall outside of that core and may be brought pursuant to § 1983." Daker v. Warden, 805 F. App'x 648, 650 (11th Cir. 2020) (quoting Nelson, 541 U.S. at 643). See also Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982) ("When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under Section 1983."). Stated another way, if a claim "would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus, and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (internal quotation marks omitted). The relief sought by the prisoner or the label he places upon the action is not the governing factor. Johnson v. Hardy, 601 F.2d 172, 174 (5th Cir. 1979). Claims such as denial of adequate food and medical care or exposure to unsanitary conditions are cognizable under § 1983, and therefore, not cognizable under the mutually exclusive remedy of habeas corpus. Daker v. Warden, 805 F. App'x at 651.

## II. **CONCLUSION**

For the reasons stated herein, the undersigned **RECOMMENDS** that Ms. McNutt's habeas action on behalf of inmate Vaughan be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **29th** day of **March, 2023.**

                                    /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**